## (February 26, 1979)

■ ABRAHAM ZION et al., Appellants, v HAROLD W. KURTZ et al., Respondents.—The motion is for dismissal of the appeal as moot, the underlying agreement having expired by its terms several days before release of our decision on February 15, 1979 [67 AD2d 858].* We reversed Special Term's denial of plaintiffs' motion for summary judgment declaring defendants to have violated that agreement by certain conduct, and enjoining continuance of that violative conduct. Our grant of injunction, prospective relief only, would be moot, there no longer being an agreement capable of future violation. The declaration as to past violation is, however, not rendered moot and as to that the application is denied. The decision of February 15 should be amended accordingly so that its first paragraph will read as follows: "Appeal from order Supreme Court, New York County, entered March 31, 1978, partially dismissed as moot to the extent that it seeks to reverse and vacate that portion of the order denying injunctive relief under the first cause of action, and otherwise reversed, on the law, without costs, but with disbursements for reproducing the record to be shared equally, plaintiff-appellant-respondent's motion for partial summary judgment on the first cause of action granted to declare in favor of plaintiff-appellant-respondent as prayed for, and the motion of plaintiff-appellant-respondent to dismiss the counterclaim of defendants-respondents-appellants granted; and the cross motion of defendants-respondents-appellants for summary judgment dismissing plaintiff-appellant-respondent's second cause of action granted, and that cause dismissed." The proposed orders submitted by both sides are no longer apropos in view of our action. Settle a new order, dispositive both of this appeal, as hereby modified, and of this motion. Concur—Murphy, P. J., Lane and Markewich, JJ.

Sullivan, J., dissents (except for the partial dismissal of the appeal for mootness) for the reasons stated in his prior memorandum.

---

* The result would have been the same had the decision antedated the expiration date.

Lynch, J., dissents in part (except from the partial dismissal of the appeal for mootness) for the reasons stated in his prior memorandum.